IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| AARON PAUL BRYAN REINHART, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-362-E-BLW |
| | ) | |
| v. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| JERRY JOHONSON, I.D.O.C. Warden | ) | |
| of S.A.W.C., State of Idaho, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner's Petition for Writ of Habeas Corpus was filed on September, 1, 2005. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF PETITION

**A.     Introduction and Standard of Law**

Petitioner asserts that the Board of Pardons and Parole violated his constitutional rights when it refused to credit his sentence with all of the time spent on parole when it revoked his parole on or about June 16, 2005.  Petitioner admits that he has not attempted to exhaust his state court remedies.

In order to have a habeas corpus petition heard in federal district court, a petitioner must allege that he is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).

**INITIAL REVIEW ORDER     1**

Upon receipt of such a petition, a federal district court is required to review the petition to determine whether it is subject to summary dismissal.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing § 2254 Cases.

Before a habeas petitioner may present an issue for federal court review, he must have presented it to the highest state court for review in the manner prescribed by state law.  28 U.S.C. § 2254(b).  The Supreme Court explained the requirement in *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999):

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

The exhaustion requirement is designed to protect the state courts' role in the enforcement of federal law, prevent disruption of state judicial proceedings, and minimize friction between federal and state systems of justice by allowing the state an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on an unexhausted claim.  28 U.S.C. § 2254(b)(2).

**INITIAL REVIEW ORDER   2**

**B.      Discussion**

Petitioner admits that he has not presented his claims to any Idaho court.  He contends that there is no provision under Idaho law by which he may bring such claims. However, Idaho Code § 19-4203(2)(b) and (c) provide that a prisoner may file a habeas corpus petition to contest miscalculation of a sentence or loss of good time credits. Further, the Idaho Court of Appeals has determined that a parole denial – which is not enumerated in Idaho Code § 19-4203 as a ground for habeas corpus relief – is an acceptable ground for a state habeas corpus petition.  *Dopp v. Idaho Commission of Pardons and Parole*, 84 P.3d 593, 596 (Idaho Ct. App. 2004).  Based upon these provisions of law, the Court concludes that state judicial avenues remain open for Petitioner to resolve his federal issues, although Petitioner ultimately may not be successful.  *See* Idaho Code §§ 18-309[1] and 19-2603[2]; *State v. Sutton*, 748 P.2d 416

---

[1]Idaho Code § 18-309 provides:
In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

[2]Idaho Code § 19-2603 provides:
When the defendant is brought before the court in such case, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but the time of

**INITIAL REVIEW ORDER    3**

(Idaho Ct. App. 1987) (defendant was not entitled to credit against sentence, upon revocation of probation, for time transpiring while he was at liberty on probation under suspended sentence).

**C.     Summary and Conclusion**

It plainly appears from the face of the Petition that Petitioner has not exhausted his claim, and, therefore, his Petition is subject to dismissal without prejudice.  *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (holding that district court is obliged to dismiss a petition that contains only unexhausted claims).

Petitioner should be aware that there is a one-year statute of limitations on federal habeas corpus claims.  Petitioner may wish to consult an attorney, the habeas corpus statute and case law, or the Pro Se Federal Habeas Corpus Packet available in the prison legal resource center, to obtain information on how to calculate his statute of limitations.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Petition is DISMISSED without prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner's Application to Proceed in Forma Pauperis (Docket No. 1) is MOOT.

---

the defendant's sentence shall count from the date of service of such bench warrant.

**INITIAL REVIEW ORDER     4**

DATED: **October 14, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER    5**