IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

AARON PAUL BRYAN REINHART,  )
                            )
                Petitioner, )       Case No. CV-05-362-E-BLW
                            )
v.                          )       **ORDER AND NOTICE**
                            )       **OF INTENT TO DISMISS**
JERRY JOHONSON, I.D.O.C. Warden )
of S.A.W.C., State of Idaho, )
                            )
                Respondent. )
_____ )

Pending before the Court in this habeas corpus action is Petitioner's Motion to

Reopen Case (Docket No. 11). The Court previously dismissed Petitioner's Petition

without prejudice for failure to exhaust state court remedies. Petitioner asks the Court to

consider his claims exhausted because, although he is currently proceeding in the state

district court, the case is at a standstill and the state court refuses to appoint counsel for

him. Contrary to Petitioner's argument, he has not properly exhausted his state court

remedies. To properly exhaust claims, Petitioner needs to proceed all the way through the

level of the Idaho Supreme Court in the manner prescribed by state law.

In any event, the Court concludes that even if Petitioner exhausted his state court

remedies, he could not obtain habeas corpus relief on his claim that the Parole

Commission did not credit his sentence with 144 days spent on parole prior to his parole

ORDER AND NOTICE OF INTENT TO DISMISS  1

Dockets.Justia.com

revocation.  Therefore, the Court gives Petitioner notice that it intends to dismiss his case on the merits without regard to exhaustion, as permitted by 28 U.S.C. § 2254(b)(2). Petitioner shall have thirty (30) days to file a response to the Court's order showing why his case should not be dismissed.

## STANDARD OF LAW FOR HABEAS CORPUS RELIEF

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Petitioner's federal case was filed after April 24, 1996, making it subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In order to obtain federal habeas corpus relief from a state court judgment under AEDPA, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

>    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In explaining how to apply § 2254(d)(1) in *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court determined that relief under the "contrary to" standard could be granted in two ways: (1) "if the state court arrives at a conclusion

ORDER AND NOTICE OF INTENT TO DISMISS  2

opposite to that reached by this Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405.

Similarly, a state court decision can be "an unreasonable application" of federal law in two ways: (1) where a "state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) where the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably extends a legal principle from our precedent to a new context where it should apply." *Id.* at 407. A petitioner cannot prevail under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court decision must be "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### A.      No Controlling Precedent Exists

The Court's initial task is to identify controlling United States Supreme Court precedent. At the basis of each of Petitioner's claims is that parole forfeiture is in some way unconstitutional. Idaho Code § 20-228 provides that when parole is revoked, "the time during which such prisoner was out on parole shall not be deemed a part [of the sentence], unless the commission, in its discretion, shall determine otherwise." Petitioner has not identified any United States Supreme Court case that supports this position.

ORDER AND NOTICE OF INTENT TO DISMISS  3

Likewise, the Court is unaware of any such case from its own research. Cases applicable by analogy do not support Petitioner's position. The Supreme Court rejected a similar challenge in the context of reinstating an original sentence without credit for probation time upon revocation of probation. In *Roberts v. U.S.*, 320 U.S. 264, 272-73 (1943), the Supreme Court held that it was constitutional for federal courts to suspend imposition of a sentence pending probation and later impose the original sentence upon revocation of probation under a federal statutory scheme.

The Ninth Circuit has similarly held. *See U.S. v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980) (the court found it constitutional for a court to suspend imposition of a sentence, and then to impose any sentence originally possible following revocation of probation under a federal statute); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (the court upheld as constitutional a forfeiture of five years' probation time when an Idaho state court imposed an originally withheld sentence of twenty years after a probation revocation).

## B.    Eighth Amendment

The Court is not aware of any case law supporting the argument that the Eighth Amendment is violated when a parolee forfeits 144 days on a sentence of one to four years. The lower courts that have addressed the issue of parole forfeiture have all concluded that there is no Eighth Amendment violation because the sentence is not "increased or extended," but "merely . . . interrupted and deferred by the fact of [a]

ORDER AND NOTICE OF INTENT TO DISMISS  4

conditional release." *Woods v. Steiner*, 207 F. Supp. 945, 952 (D. Ma. 1962); *Ex parte Hallmark*, 883 S.W.2d 672 (Tex. Crim. App. 1994).

**C.    Fifth Amendment Double Jeopardy**

Courts addressing claims that parole forfeiture is a Fifth Amendment double jeopardy violation have universally rejected that argument. *See, e.g., Van Buskirk v. Wilkinson*, 216 F.2d 735, 738 (9th Cir. 1954); *Cortinas v. U.S. Parole Comm'n*, 938 F.2d 43, 46 (5th Cir. 1991). There is no United States Supreme Court precedent which shows that the Double Jeopardy Clause applies to parole. Contrary to Petitioner's argument, the Ninth Circuit has held that the constitutional prohibition against double jeopardy is *not* implicated by parole revocation proceedings. *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977).[1]

**D.    Due Process**

Petitioner argues that forfeiture of his time on parole is an arbitrary and capricious decision of the Parole Commission and thus violates the Due Process Clause. Once a

---

[1]The *Standlee* Court reasoned:
It is well established that parole revocation is not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Revocation of parole is remedial rather than punitive, since it seeks to protect the welfare of parolees and the safety of society. *Gagnon v. Scarpelli*, 411 U.S. 778, 783-84 (1973); *Morrissey v. Brewer, supra*, 408 U.S. at 477. The termination of parole results in a deprivation of liberty and thus is a grievous loss to the parolee. But the harshness of parole revocation does not alter its remedial nature. *See United States v. National Association of Real Estate Boards*, 339 U.S. 485, 493 n. 6 (1950); *Gregory v. Wyse*, 512 F.2d 378, 382 (10th Cir. 1975).
557 F.2d at 1306.

ORDER AND NOTICE OF INTENT TO DISMISS  5

person has been granted parole, he has a liberty interest in remaining on parole, and

certain due process safeguards must be used prior to revocation of parole.  In *Morrissey v.*

*Brewer*, the Court recognized that "[t]he parolee has relied on at least an implicit promise

that parole will be revoked only if he fails to live up to the parole conditions. In many

cases, the parolee faces lengthy incarceration if his parole is revoked."  408 U.S. at 482.

As a result of that "implicit promise," the Court determined that "the liberty [of living

outside of prison] is valuable and must be seen as within the protection of the Fourteenth

Amendment."

       The minimal elements to meet the requirements of due process for parole hearings

are as follows: (a) written notice of the claimed violations of parole; (b) disclosure to the

parolee of evidence against him; (c) opportunity to be heard in person and to present

witnesses and documentary evidence; (d) the right to confront and cross-examine adverse

witnesses (unless the hearing officer specifically finds good cause for not allowing

confrontation); (e) a "neutral and detached" hearing body; and (f) a written statement by

the factfinders as to the evidence relied on and reasons for revoking parole.  *Id*. at 488-89.

       Petitioner has brought forward no facts showing that his due process rights were

violated in his parole revocation hearing.  Petitioner was afforded a hearing, after which

the Commission determined that forfeiture was appropriate.  Petitioner does not contest

the outcome of the hearing on the merits of the charges underlying the parole revocation.

He does not assert that he was not afforded due process in opposing the revocation

ORDER AND NOTICE OF INTENT TO DISMISS  6

charges.  He does not assert that he was not afforded an opportunity to address forfeiture of parole time at his parole revocation hearing.

On these facts, Petitioner's argument that the statute is unconstitutional as applied to him does not warrant habeas corpus relief.  *See Miller v. Federal Bureau of Prisons*, 989 F.2d 420, 423 (10th Cir. 1993) ("[T]here is no evidence to suggest that such a determination was arbitrary or capricious. On the contrary, the Parole Commission's order that petitioner accrue credit for none of the time he spent on parole from December 8, 1978, to April 1, 1980, is consistent with the record."); *Dye v. United States Parole Commission*, 558 F.2d 1376, 1378 (10th Cir. 1977) (The Board's consideration of the forfeiture of good time was not arbitrary and capricious [because] Dye was afforded adequate opportunity to contest the underlying charges.).

The Court also notes that no United States Supreme Court precedent exists to support a claim that Petitioner's due process rights were violated because he was not given advance notice that his street time might be forfeited. (It is unclear whether Petitioner is making such an argument.)  The Ninth Circuit has held that

> due process also requires that a parolee be informed of the charges' possible consequences.  This is particularly true where one of the potential consequences is the loss of "street time," which could double the amount of time a parolee spends on parole.  Providing pre-hearing notice of this serves the same purpose as the notice of the charges–it affords the parolee the opportunity to attempt to prepare any defense or mitigation.

*Vanes v. U.S. Parole Commission,* 741 F.2d 1197,1202 (9th Cir. 1984).  In the Ninth Circuit, the forfeiture of street time on parole revocation cannot take place unless the

ORDER AND NOTICE OF INTENT TO DISMISS  7

parole commission exercises its discretion to allow the forfeiture. However, other courts disagree, and have not found a due process violation under similar circumstances. *See, e.g., Munguia v. U.S. Parole Comm'n*, 871 F.2d 517, 521 (5th Cir.), *cert. denied*, 493 U.S. 856 (1989). The United States Supreme Court has not addressed this issue in an opinion. Therefore, Petitioner could not obtain relief on this theory in a federal habeas corpus action because the Idaho court's decision is not contrary to United States Supreme Court precedent.

Petitioner's due process theory appears to be more of a facial challenge[2] to the statute's constitutionality -- an argument that *any* forfeiture of parole time is arbitrary and capricious in and of itself, and that he has a liberty interest in retaining the days on parole as a credit against his sentence. On this theory, the Court concludes that Petitioner is not entitled to federal habeas corpus relief on his due process claim. There is no United States Supreme Court precedent supporting Petitioner's position that a person has a liberty interest in having the time spent on parole credited toward his sentence. As set forth above, similar challenges have been rejected, such as in *Roberts v. U.S.*, 320 U.S. at 272-73 (imposing an original sentence without credit for probation time upon revocation of probation is constitutional). *See also U.S. v. McDonald*, 611 F.2d at 1295 (the court found it constitutional for a court to suspend imposition of a sentence, and then to impose any sentence originally possible following revocation of probation under a federal

---

[2] A facial challenge to a law is "based on a contention that the law, by its own terms, always operates unconstitutionally." 16 Am. Jur. 2d *Const. Law*. § 140 (2007).

ORDER AND NOTICE OF INTENT TO DISMISS  8

statute); *Peltier v. Wright*, 15 F.3d at 862 (the court upheld as constitutional a forfeiture of five years' probation time when an Idaho state court imposed an originally withheld sentence of twenty years after a probation revocation).  Accordingly, because there is no United States Supreme Court precedent supporting Petitioner's claim, habeas relief cannot be granted.

**E.      Equal Protection**

Petitioner's Equal Protection claim is also unsupported by law or fact.  First, he has not alleged that he was treated differently from other similarly-situated parole violators.

Second, there is no case law supporting a theory that Idaho's treatment of parole violators, when compared to its treatment of parolees who do not violate parole, is contrary to the Equal Protection Clause.  *See, e.g., Anderson v. Corall*, *supra*.  Two classes of parolees do not have to be treated the same, when they are, in fact, different. *See Tigner v. Texas*, 310 U.S. 141, 147 (1940) ("The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.").

Where a suspect classification like race or religion is not involved, prison officials need show only that the classifications are reasonably related to a legitimate penological purpose.  *See Heller v. Doe*, 509 U.S. 312, 319-20 (1993); c*f. Pryor v. Brennan*, 914 F.2d 921 (7th Cir. 1990) (finding the practice, under the D.C. Good Time Credits Act, of calculating credit differently depending on whether defendant was in a state, federal, or D.C. prison was constitutional, being rationally related to a legitimate governmental

ORDER AND NOTICE OF INTENT TO DISMISS  9

interest).  The Supreme Court has noted that this deferential standard of review is particularly appropriate when evaluating "the State's sensitive and difficult effort to encourage for its prisoners constructive future citizenship while avoiding the danger of releasing them prematurely upon society."  *McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973) (rational basis test appropriate when reviewing New York State good time credits statute).

Here, because the threat of forfeiting one's street time is an obvious deterrence factor for convicted felons on parole, there is a rational basis supporting street-time forfeiture in the absence of the Commission's exercise of discretion.  No equal protection claims lies.

**F.      Separation of Powers and Other State Grounds**

Petitioner's claim that the Commission's decision violated the doctrine of the separation of powers is not a cognizable claim on habeas review as the *federal* separation of powers doctrine does not apply to *state* governments.  *See Sweezy v. State of New Hampshire*, 354 U.S. 234, 255 (1957) ("the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments")*; Hughes v. Superior Court*, 339 U.S. 460, 467 (1950) ("the Fourteenth Amendment leaves the States free to distribute the powers of government as they will between their legislative and judicial branches"); *Chromiak v. Field*, 406 F.2d 502, 505 (9th Cir. 1969) (federal constitutional doctrine of separation of judicial and executive powers applies only to operation of federal government and is not binding upon the states).

ORDER AND NOTICE OF INTENT TO DISMISS  10

Another reason Petitioner cannot proceed on such a claim is that the question of whether the Commission's action violates the Idaho Constitution's separation of powers clause or any other provision of state law is not a cognizable federal habeas claim. *See Estelle v. Gamble*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law"); see *Chromiak*, 406 F.2d at 505 (resolution of an issue concerning separation of powers in State Constitution is for state courts to decide). "Federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994) (noting that generally federal habeas corpus is unavailable for alleged errors in interpretation and application of state law).

## G.    Conclusion

For all of the foregoing reasons, the Court concludes that Petitioner is not entitled to relief on his parole forfeiture-of-time claim. As a result, Petitioner's Motion to Re-open Case shall be granted, and his case shall be dismissed with prejudice unless Petitioner shows cause why it should not be dismissed.


**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Reopen Case (Docket No. 11) is GRANTED. Petitioner shall have thirty (30) days to file a brief showing why his case should not be dismissed on the merits. Failure to file

ORDER AND NOTICE OF INTENT TO DISMISS  11

anything further in this case shall result in dismissal with prejudice for the reasons stated

in this Order.



DATED:  **July 3, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER AND NOTICE OF INTENT TO DISMISS  12